UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALINKA TACUMA WADE MOYE,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; et al.,<br><br>    Defendants.<br>_____/ | No. C 13-1240 EMC (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

    Malinka Tacuma Wade Moye, an inmate at the San Francisco County Jail, filed a *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A, which requires the court to conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A claim that is incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989).

    The court is unable to understand enough of the complaint in this action to determine whether it states a claim upon which relief may be granted. Plaintiff alleges that he was a "victim of organize hate crime in 2001 - 2010." Docket # 1 at 3. The rest of the statement of his claim is a rambling passage, the vast majority of which the court is unable to understand. It appears that he is

1 attempting to complain about decisions adverse to him in earlier civil litigation and one or more
2 criminal actions. Plaintiff will be required to file an amended complaint that sets forth his claim(s)
3 in an understandable way.

4       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right
5 secured by the Constitution or laws of the United States was violated, and (2) that the violation was
6 committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48
7 (1988). For each instance of a constitutional violation, Mr. Moye should name each person who
8 violated his constitutional right(s), describe what each person did or failed to do that caused a
9 violation of his constitutional right(s), state where the violation occurred, and state when the
10 violation occurred.

11       For the foregoing reasons, the complaint is DISMISSED with leave to amend. An amended
12 complaint must be filed no later than **October 11, 2013**. The amended complaint must include the
13 caption and civil case number used in this Order and the words AMENDED COMPLAINT on the
14 first page. Failure to timely file the amended complaint will result in the dismissal of this action.

15       Finally, the court notes that Plaintiff has been declared a vexatious litigant and is subject to a
16 pre-filing review in this court. *See Moye v. Collins*, No. 09-3893 MHP (Dec. 3, 2009 order
17 declaring Plaintiff a vexatious litigant); *Moye v. City & County of San Francisco*, No. 09-3892
18 WHA (Dec. 21, 2009 order dismissing action and requiring prefiling review). Due to the Court's
19 inability to understand the substance of the allegations in the complaint in the present action, the
20 Court currently is unable to determine whether the action should be dismissed as barred by the
21 prefiling review order.

22       IT IS SO ORDERED.

23 Dated: September 6, 2013

                                                    _____
                                                    EDWARD M. CHEN
                                                    United States District Judge