UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALINKA TACUMA WADE MOYE, | No. C-13-1240 EMC (pr) |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| CITY AND COUNTY OF SAN FRANCISCO; *et al.*, | |
| Defendants. | |

Malinka Tacuma Wade Moye, an inmate at the San Francisco County Jail, filed a *pro se* civil rights action under 42 U.S.C. § 1983. The Court reviewed the complaint, and dismissed it with leave to amend because the Court was unable to understand enough of it to determine whether it stated a claim upon which relief may be granted. Plaintiff then filed a motion to recuse the undersigned, an amended complaint, and more than a dozen declarations.

A. <u>Recusal Motion</u>

Plaintiff's motion to recuse the undersigned is largely incomprehensible, but appears to argue that the undersigned should recuse himself because he has had social communications with, and may have had his picture taken with, California Supreme Court Chief Justice Tani Cantil-Sakauye, San Francisco assistant District Attorney Paul Henderson and San Francisco Mayor Ed Lee.

Recusal is the process by which a federal judge may be disqualified from a given case. Motions to recuse a district judge are governed by two statutes, 28 U.S.C. § 144 and § 455. Section 144 provides for recusal of the judge before whom a matter is pending upon the filing by a party of a "sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor

of any adverse party." Section 455 also provides grounds for disqualification, and requires a judge to disqualify himself in any proceeding in which his impartiality might reasonably be questioned. *See* 28 U.S.C. § 455(a). As a federal judge is presumed to be impartial, a substantial burden is imposed on the party claiming bias or prejudice to show that this is not the case. *See United States v. Zagari*, 419 F. Supp. 494, 506 n.30 (N.D. Cal. 1976).

Moye's recusal motion does not meet the legal sufficiency requirement of § 144 because the allegations of bias are conclusory and no affidavit or declaration under penalty of perjury was submitted. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566-67 (9th Cir. 1995) (affidavit inadequate when based on conclusory allegations of bias); *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387-88 (9th Cir. 1988) (district judge correctly rejected disqualification motion as legally insufficient and had no duty to refer it to another judge because the alleged bias or prejudice did not arise from an extrajudicial source). Moye's recusal motion also does not require disqualification under § 455. The Court notes that, due to the incomprehensible nature of the complaint and amended complaint, the Court cannot even determine what connection these alleged social acquaintances – none of whom are Defendants – have to the dispute in this action. The recusal motion is **DENIED**. (Docket # 13.)

B.  The Amended Complaint

Plaintiff filed an amended complaint in response to the Court's order of dismissal with leave to amend. The amended complaint (Docket # 11) makes no sense. The amended complaint has numerous indexes or tables of contents copied from law books (*e.g., id.* at 6-9, and 14-16); apparently random snippets of law, many of which pertain to a criminal defendant's trial rights (*e.g., id.* at 11-12); discussions of some sort of error in the handling of the "Hurdle Estate" (*e.g., id.* at 20), a topic that caused him to earlier be declared a vexatious litigant several years ago in *Moye v. City and County of San Francisco*, No. C 09-4892 WHA; and contentions that he was subjected to "fake" proceedings involving "fake" judges and "fake" lawyers" (*e.g., id.* at 20-21). Upon reaching the end of the 50-page amended complaint, the reader has no idea what Plaintiff is attempting to allege. After filing the incomprehensible amended complaint, Plaintiff filed thirteen different declarations

that are largely incomprehensible and provide no help to a reader attempting to understand the amended complaint.

The amended complaint is incomprehensible and therefore is dismissed as frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (a claim that is incomprehensible may be dismissed as frivolous as it is without an arguable basis in law). Further leave to amend will not be granted because the Court already explained what Plaintiff needed to do to plead a claim under 42 U.S.C. § 1983, and he was unable to do so.

Plaintiff's motion for appointment of the U.S. Marshal to serve process is **DENIED**. (Docket # 18.) There will be no service of process because the action is being **DISMISSED**.

IT IS SO ORDERED.

Dated: November 25, 2013

_____
EDWARD M. CHEN
United States District Judge